IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SANDVIK INTELLECTUAL PROPERTY AB )
)
) 2: 10-cv-00654
v. )
)
KENNAMETAL, INC. )

**ORDER OF COURT**

Presently before the Court for disposition is the EXPEDITED MOTION TO COMPEL DISCOVERY DEPOSITIONS RELATED TO ITS INEQUITABLE CONDUCT AND UNCLEAN HANDS DEFENSES AND COUNTERCLAIMS (Document No. 256) filed by Kennametal Inc. ("Kennametal"), the BRIEF IN OPPOSITION (Document No. 257) filed by Sandvik Intellectual Property AB ("Sandvik"), and the REPLY BRIEF filed by Kennametal (Document No. 258). For the reasons that follow, the Motion is granted in part and denied in part.

**Discussion**

A party may obtain discovery of any non-privileged matter that is relevant to a claim or defense of any party. Fed. R. Civ. P. 26(b)(1). However, a district court may limit discovery "for good cause shown" by making "an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense," including "limiting the scope of disclosure or discovery to certain matters." Fed. R. Civ. P. 26(c).

Although "depositions of opposing counsel are disfavored," *United States v. Yonkers Bd. of Educ.*, 946 F.2d 180, 185 (2d Cir. 1991), such a view "is not a talisman for the resolution of all controversies of this nature." *In re Subpoena Issued to Dennis Friedman*, 350 F.3d 65, 71 (2d Cir. 2003). Rather, "the standards set forth in Rule 26 require a flexible approach to lawyer

1

depositions," taking into consideration "all of the relevant facts and circumstances to determine whether the proposed deposition would entail an inappropriate burden or hardship." *Id*. at 72. Relevant factors "may include the need to depose the lawyer, the lawyer's role in connection with the matter on which discovery is sought and in relation to the discovery pending litigation, the risk of encountering privilege and work-product issues, and the extent of discovery already conducted." *Id.*

Kennametal amended its answer and counterclaim to assert defenses and claims of inequitable conduct and unclean hands after it deposed Bjorn Ljungberg, the lead inventor of the '625 patent. According to Kennametal, during his deposition Mr. Ljungberg:

> admitted that he did not actually run the manufacturing process that purportedly led to the creation of the alpha-alumina with the claimed TC (012) value that he said he performed in the specification of the '625 patent. Nor, Mr. Ljungberg admitted, had he run the processes that he said he had performed to allegedly create certain TC(104) and TC(110) values in two later alpha-alumina texture coefficient patents owned" by Sandvik: U.S. Patent Nos. 5,76,782 and 5,851,687. Kennametal asserts that through the deposition of Ljungberg it "uncovered a pattern of deceptive behavior by [Sandvik] permeating at least three of [Sandvik's] alpha-alumina TC patents filed with the USPTO.

Mot. at 2.

In this motion, Kennametal seeks to take the depositions of (i) Attorney Ronald L. Grudziecki, who prosecuted Sandvik's '625, '782, and '687 patents; and (ii) Attorney Jeffrey G. Killian, who has prosecuted subsequent Sandvik patents which contained statements about the '625 patent and statements that allegedly conflict with Ljungberg's deposition testimony. Sandvik does not object to Kennametal's request to depose Attorney Grudziecki with respect to his role in the prosecution of the '625 patent, but does object to Kennametal examining him with respect to his role as prosecution counsel for any other Sandvik patents. Sandvik objects in its entirety to the request of Kennametal to depose Attorney Killian primarily because Attorney

Killian was not involved in the prosecution of the '625 patent and additionally because Kennametal "has failed to identify the [Killian] statements to which it refers or explain how [the statements] are inconsistent with Mr. Ljungberg's testimony." Br. in Opp'n, at 6.

A patent is unenforceable for inequitable conduct if, during prosecution of the patent, the applicant made an affirmative misrepresentation of material fact, failed to disclose material information, or submitted false material information, and intended to deceive the Patent Office. *Star Scientific, Inc. v. R.J. Reynolds Tobacco Co.*, 537 F.3d 1357, 1365 (Fed. Cir. 2008). In determining inequitable conduct, the knowledge and actions of a patent applicant's attorney are chargeable to the applicant. *See Novo Nordisk Pharm. Inc. v. Bio-Technology General Corp.*, 424 F.3d 1347, 1361 (Fed. Cir. 2005); 37 C.F.R. § 1.56 (duty to disclose material information extends to attorney who prepares or prosecutes application).

Accordingly, courts have permitted the deposition of a patent prosecution counsel who is also serving as trial counsel where the knowledge of counsel was pertinent to a defense raised of inequitable conduct. *See aaiPharma, Inc. v. Kremers Urban Dev. Co.*, 361 F. Supp.2d 770 (N.D. Ill. 2005); *Alcon Laboratories, Inc. v. Pharmacia Corp.,* 225 F. Supp.2d 340 (S.D.N.Y. 2002); *Environ Prods. Inc. v. Total Containment Inc.*, 41 U.S.P.Q.2d 1302 (E.D. Pa. 1996). Those courts have recognized that "the prosecuting attorney's mental impressions are crucial to any claim of inequitable conduct in a patent infringement action." *Alcon,* 225 F. Supp.2d at 344; *Environ Prods.,* 41 U.S.P.Q.2d at 1306 ("The affirmative defense of inequitable conduct makes [the attorney's] mental impressions during the reexamination proceedings an issue in this litigation"); *see also aaiPharma*, 361 F. Supp.2d at 774 n.3 (discovery from attorneys involved in prosecution of patents in suit is directly relevant to inequitable conduct.)

Furthermore, "an attorney cannot avoid a deposition by asserting that he or she has no relevant, nonprivileged information, . . . at a minimum, the attorney must submit to a deposition so that his lack of knowledge may be tested . . . ." *Alcon*, 225 F. Supp.2d at 344.

In support of its position, Sandvik relies upon a number of cases which relate to when a finding of unenforceability of one patent will taint the enforceability of other patents owned by the same patentee. The Court does not find this line of cases to be particularly persuasive, especially at this junction of the litigation. At the present time, the only issue before the Court is whether Kennametal should be allowed to obtain discovery which may support its claims of inequitable conduct.

Last, the Court also rejects Sandvik's claim that the depositions of its attorneys have been requested solely for harassment purposes. Kennametal has asserted the affirmative defense of inequitable conduct which puts the actions and mental impressions of Sandvik's prosecuting attorneys directly at issue in this litigation. Sandvik has not presented any evidence to demonstrate a more nefarious purpose.

**AND NOW**, this 18th day of June, 2012, it is hereby **ORDERED** that Kennemetal's Motion to Compel Discovery Depositions is **GRANTED IN PART and DENIED IN PART**. The Motion is **GRANTED** to the extent that Kennametal is permitted to depose Attorneys Grudziecki and Killian as to the '625 Patent, the '782 Patent, and the '687 Patent. To the extent Kennametal seeks to examine Attorneys Grudziecki and Killian with respect to any other of Sandvik's alpha-alumina texture coefficient patents, such request is **DENIED**.

It is further **ORDERED** that in view of the fact that the discovery period closes in this matter on June 25, 2012, the discovery period for these two depositions only is extended until **July 9, 2012.**

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:  Frederick H. Colen, Esquire
Special Master
Reed Smith
Email: fcolen@reedsmith.com

Jeffrey G. Killian, Esquire
Morgan Lewis & Bockius
Email: jkillian@morganlewis.com

Ronald L. Grudziecki, Esquire
Drinker Biddle & Reath
Email: ron.grudziecki@dbr.com

William P. Quinn , Jr., Esquire
Morgan, Lewis & Bockius LLP
Email: wquinn@morganlewis.com

Carrie A. Beyer, Esquire
Drinker Biddle & Reath LLP
Email: carrie.beyer@dbr.com

David W. Marston , Jr., Esquire
Morgan, Lewis & Bockius LLP
Email: dmarston@morganlewis.com

Elaine P. Spector, Esquire
Drinker, Biddle & Reath, LLP
Email: elaine.spector@dbr.com

Jeffrey J. Lopez, Esquire
Drinker Biddle & Reath LLP
Email: jeffrey.lopez@dbr.com

John D. Ferman, Esquire
Drinker Biddle & Reath, LLP
Email: john.ferman@dbr.com

Mark A. Grace, Esquire
Cohen & Grace, LLC
Email: mgrace@cohengrace.com

Daniel R. Taylor, Jr., Esquire
Kilpatrick Townsend & Stockton LLP
Email: DanTaylor@KilpatrickTownsend.com

Eric G. Soller, Esquire
Pietragallo, Bosick & Gordon
Email: egs@pbandg.com

Alan G. Towner, Esquire
Pietragallo, Bosick & Gordon
Email: agt@pbandg.com

James J. Link, Esquire
Kilpatrick Stockton
Email: jlink@kilpatrickstockton.com

Jason M. Wenker, Esquire
Kilpatrick Townsend & Stockton LLP
Email: jwenker@kilpatricktownsend.com

Steven D. Moore, Esquire
Kilpatrick Townsend & Stockton LLP
Email: smoore@kilpatricktownsend.com