IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

SANDVIK INTELLECTUAL PROPERTY AB )
)
) 2: 10-cv-00654
v. )
)
KENNAMETAL, INC. )

**MEMORANDUM ORDER OF COURT**

Presently before the Court for disposition is the MOTION FOR PARTIAL SUMMARY JUDGMENT, with brief in support (Document Nos. 242 and 243) filed by Kennametal Inc. ("Kennametal"), the BRIEF IN OPPOSITION (Document No. 254) filed by Sandvik Intellectual Property AB ("SIPAB"), and the REPLY MEMORANDUM filed by Kennametal (Document No. 260). For the reasons that follow, the Motion will be granted be in part and denied in part.

**Background**

On February 16, 2012, Special Master Frederick H. Colen filed his Report and Recommendation as to Claim Construction in which he recommended that the Court hold that the patent at issue in this case U.S. Patent 5,847,625 ("the '625 Patent") is invalid for indefiniteness under 35 U.S.C. § 112, ¶ 2. (Document No. 240). Based on the findings contained in the Report and Recommendation, Kennametal filed the instant Motion for Partial Summary Judgment in which it requests entry of partial summary judgment on the following claims: (1) SIPAB's claims of infringement of the '625 Patent (including its claim for willful infringement); (2) Kennametal's Third Affirmative Defense of invalidity (contained in its First Amended Answer, Affirmative Defenses and Counterclaim); (3) Count I of Kennametal's Counterclaim in which Kennametal seeks a declaratory judgment on non-infringement; and (4) Count II of Kennametal's Counterclaim in which Kennametal seeks a declaratory judgment of invalidity.

1

SIPAB opposed Kennametal's motion for partial summary judgment primarily on the grounds it was premature as the Court had not yet adopted the Special Master's finding that the '625 patent was indefinite, and if the Court did not adopt that finding the motion must be denied. SIPAB also objected to the entry of summary judgment on SIPAB's claim that Kennametal infringed the '625 patent and on Kennametal's claim for declaratory judgment on non-infringement. SIPAB argues that "should the Court hold that the '625 patent is indefinite and therefore invalid, the only way it could properly dispose of the other claims and defenses is by dismissing them without prejudice as moot." Br. at 4, n. 2.

By Memorandum Opinion and Order of Court of July 24, 2012, the Court adopted, in its entirety, the Report and Recommendation issued by Special Master Colen. Therefore, the motion for partial summary judgment is now ripe for disposition.

## Discussion

As stated *supra*, the Court has found that the '625 Patent is invalid for indefiniteness under 35 U.S.C. § 112, ¶ 2. Accordingly, Kennametal is entitled to summary judgment on its Third Affirmative Defense of invalidity and on Count II of its Counterclaim which seeks a declaratory judgment of invalidity.

However, for the following reasons, the Court finds that summary judgment on the infringement claims is not appropriate. Well established United States Supreme Court and Federal Circuit precedents provide that patent infringement is a separate and distinct issue from validity and is to be determined separately. *Cardinal Chem. Co. v. Morton Int'l, Inc.*, 508 U.S. 83, 96 (1993) ("a party seeking a declaratory judgment of invalidity presents a claim independent of the patentee's charge of infringement."); *Honeywell Intern., Inc. v. International Trade Com'n*, 341 F.3d 1332, 1342 (Fed. Cir. 2003); *Medtronic, Inc. v. Cardiac Pacemakers,* 721 F.2d

1563, 1583 (Fed. Cir. 1983) ("Though an invalid claim cannot give rise to liability for infringement, whether it is infringed is an entirely separate question capable of determination without regard to its validity."). In this case, while the Court addressed the issue of validity, it has never addressed the issue of infringement, but that analysis need not be now determined. With the patent having been found invalid, the issue of infringement has been rendered moot.

An appropriate Order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SANDVIK INTELLECTUAL PROPERTY AB ) | |
| ) | |
| ) | 2: 10-cv-00654 |
| v. ) | |
| ) | |
| KENNAMETAL, INC. ) | |

**ORDER OF COURT**

**AND NOW,** this 13th day of September, 2012, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** that the Motion for Partial Summary Judgment is **GRANTED IN PART and DENIED IN PART** as follows:

1. The Motion for Partial Summary Judgment is **GRANTED** as to Kennametal's Third Affirmative Defense of invalidity and as to Count II of Kennametal's Counterclaim which seeks a declaratory judgment of invalidity.

2. The Motion for Partial Summary Judgment is **DENIED** as to Plaintiff's claims of infringement of the '625 Patent and Count I of Kennametal's Counterclaim which seeks a declaratory judgment of non-infringement.

By virtue of the finding of invalidity of the '625 Patent, the issue of infringement has been rendered moot.

This Order leaves for future resolution Kennametal's affirmative defenses and counterclaims of unenforceability due to unclean hands (Kennametal's Eighth Affirmative Defense and Count III of Kennametal's Counterclaim), as well as Kennametal's contention that

4

this is an exceptional case under 35 U.S.C. § 285 so as to entitle Kennametal to recovery of its attorney's fees and costs.

BY THE COURT:

s/ Terrence F. McVerry
United States District Court Judge

cc:    Jeffrey G. Killian, Esquire
Morgan Lewis & Bockius
Email: jkillian@morganlewis.com

Ronald L. Grudziecki, Esquire
Drinker Biddle & Reath
Email: ron.grudziecki@dbr.com

William P. Quinn , Jr., Esquire
Morgan, Lewis & Bockius LLP
Email: wquinn@morganlewis.com

Carrie A. Beyer, Esquire
Drinker Biddle & Reath LLP
Email: carrie.beyer@dbr.com

David W. Marston, Jr., Esquire
Morgan, Lewis & Bockius LLP
Email: dmarston@morganlewis.com

Elaine P. Spector, Esquire
Drinker, Biddle & Reath, LLP
Email: elaine.spector@dbr.com

Elisa P. McEnroe, Esquire
Morgan, Lewis & Bockius LLP
Email: emcenroe@morganlewis.com

Jeffrey J. Lopez, Esquire
Drinker Biddle & Reath LLP
Email: jeffrey.lopez@dbr.com

John D. Ferman, Esquire
Drinker Biddle & Reath, LLP
Email: john.ferman@dbr.com

John V. Gorman, Esquire
Morgan, Lewis & Bockius
Email: jgorman@morganlewis.com

Mark A. Grace, Esquire
Cohen & Grace, LLC
Email: mgrace@cohengrace.com

Squire J. Servance, Esqiure
Morgan, Lewis & Bockius, LLP
Email: sservance@morganlewis.com

Daniel R. Taylor, Jr., Esquire
Kilpatrick Townsend & Stockton LLP
Email: DanTaylor@KilpatrickTownsend.com

Eric G. Soller, Esquire
Pietragallo, Bosick & Gordon
Email: egs@pbandg.com

Alan G. Towner, Esquire
Pietragallo, Bosick & Gordon
Email: agt@pbandg.com

James J. Link, Esquire
Kilpatrick Stockton
Email: jlink@kilpatrickstockton.com

Jason M. Wenker, Esquire
Kilpatrick Townsend & Stockton LLP
Email: jwenker@kilpatricktownsend.com

Steven D. Moore, Esquire
Kilpatrick Townsend & Stockton LLP
Email: smoore@kilpatricktownsend.com