IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SANDVIK INTELLECTUAL PROPERTY AB ) | |
| ) | |
| ) | 2: 10-cv-00654 |
| v.  ) | |
| ) | |
| KENNAMETAL, INC. ) | |

**MEMORANDUM ORDER OF COURT**

Presently before the Court for disposition is the MOTION TO COMPEL DISCOVERY (Document No. 269-1) AND MOTION FOR SANCTIONS (Document No. 269-2) filed by Kennametal Inc. ("Kennametal"), the BRIEF IN OPPOSITION (Document No. 276) filed by Sandvik Intellectual Property AB ("SIPAB"), the REPLY BRIEF and SUPPLEMENT TO REPLY filed by Kennametal (Document Nos. 278 and 279), and the RESPONSE TO SUPPLEMENT filed by SIPAB (Document No. 281). For the reasons that follow, the Motions will be granted.

**Background**

After the filing of the Report and Recommendation of the Special Master on February 16, 2012, the parties agreed to postpone further discovery *except* on the issues related to Kennametal's counterclaims and defenses against SIPAB for inequitable conduct and unclean hands relating to, *inter alia*, SIPAB's alleged pattern of including false material information regarding the manufacturing process identified in the '625, '782, and '687 patents and attempting to use those patents to improperly exclude Kennametal from practicing this technology. This limited discovery period ended June 26, 2012.

On July 1, 2011, following the completion of the deposition of Bjorn Ljungberg, Kennametal served Interrogatory 21 on SIPAB, which Interrogatory states as follows:

1

> Identify all persons who knew at any time prior to Bjorn Ljungberg's deposition in this matter on June 22, 2011 that Bjorn Ljungberg did not perform the process set forth in Example 1 of the '625 Patent before the '625 Patent issued, and include in your answer when each person first became aware of this information, how they became aware of it, and the identity of all documents concerning the knowledge of any such persons regarding this topic.

SIPAB was required to respond to the Interrogatory on or before August 2, 2011. However, one day before SIPAB's response was due, it requested a 14-day extension to respond, to which Kennametal consented on the express condition that "SIPAB is not planning to simply assert objections." Two weeks later, SIPAB asked for a second 14-day extension, to which Kennametal consented, again with the condition that "so long as [SIPAB] is not planning to simply object to the discovery requests.

On August 29, 2011, SIPAB served its Response to Interrogatory 21 and, contrary to the parties' agreement, SIPAB provided nothing but objections. Thereafter, the parties conferred by phone during which Kennametal informed SIPAB that it considered SIPAB's response deficient. Since that time, SIPAB's position has been best described as a "moving target" and although it has twice supplemented its response to Interrogatory 21, the responses continue to be less than complete.

For example, on or about September 12, 2011, SIPAB supplemented its original response, but provided a response limited only to *pre-complaint information* as opposed to information up to the deposition of Mr. Ljungberg, as requested. After Kennametal objected at least twice to the continuing deficiencies in the Supplemental Answer to Interrogatory 21, on November 4, 2011, SIPAB asserted, *for the first time*, a blanket privilege claim for all post-complaint communication, as follows:

> [SIPAB] considers any additional information potentially responsive to the Interrogatory as propounded to call for privileged communications and

2

information. Therefore, SIPAB believes that its answer is as complete as it can be without waiving privilege.

Kennametal responded that despite SIPAB's blanket privilege claim, it must nonetheless identify all non-privileged information about those communications, including when the communications took place, the type of communication, where the communication took place, and the identification of the individuals involved. SIPAB responded that it would not provide further information about any privileged communications and *also confirmed that there had not been post-complaint communications between Ljungberg and non-privileged persons about the subject matter.*

From November 2011 through January 2012, the parties continued to discuss SIPAB's deficient response to Interrogatory 21. SIPAB took the position that it did not need to further respond to the Interrogatory because an uncleans hands claim could not be based on post-complaint conduct and requested that Kennametal provide authority for its position, which authority Kennametal provided to SIPAB on November 21, 2011.

The parties again conferred on January 25, 2012, and SIPAB again stated that although it had already provided all non-privileged information in its first supplemental answer to Interrogatory 21, it did agree to evaluate the issue one more time. On March 1, 2012, SIPAB indicated that it would provide a second supplemental answer to Interrogatory 21.

Approximately one month before the close of discovery, on May 18, 2012, SIPAB provided its Second Supplemental Response to Interrogatory 21, and for the *first time* disclosed non-privileged information about four post-complaint communications, and significantly revealed that, contrary to SIPAB's multiple representations, two of the four communications (dated April and June 2011) did not involve attorneys and did not appear to be privileged.

3

Perplexed by the inconsistency between SIPAB's September 2011 blanket assertion that all responsive communications and information post-complaint were privileged, and the Second Supplemental Response, which now revealed two (2) communications which clearly were not privileged, Kennametal requested that SIPAB explain its new position.  SIPAB responded by stating that it was unaware of any documents regarding responsive communications.  However, SIPAB did not explain its inconsistent positions.

On June 1, 2012, SIPAB informed Kennametal that it would not provide the substantive details of the two non-privileged communications because Interrogatory 21 did not request that information.

One week before the close of discovery, on June 19, 2012, Kennametal took a Rule 30(b)(6) deposition of SIPAB corporate representative Dr. Gunnar Brandt, during which Kennametal discovered that SIPAB's Second Supplemental response was incomplete in a number of significant respects.  First, the Second Supplemental response did not reflect that Dr. Brandt had a communication with SIPAB counsel, Jeff Killian, about Mr. Ljungberg's doubts about having run the manufacturing process identified Example 1.  Additionally, the Second Supplemental response did not reflect that SIPAB had hired Mats Sjostrand, the former boss of Mr. Ljungberg, as a consultant to conduct an internal investigation to find any evidence that Mr. Ljungberg had in fact performed Example 1 nor did the Second Supplemental response reflect that Dr. Brandt had communicated with Mr. Sjostrand about the investigation or that Dr. Brandt had received at least one (1) report from Mr. Sjostrand on the status of the investigation.

Three days after the completion of the Brandt deposition, Kennametal requested immediate supplementation of Interrogatory 21 based on Dr. Brandt's deposition testimony.  Additionally, Kennametal asked for information about the amount of time Mr. Sjostrand spent on

**4**

his investigation and the amount he was compensated for such investigation. SIPAB will not agree to further supplement its answer to Interrogatory 21 nor will it provide the requested discovery related to Mr. Sjostrand's investigation. Discovery has now closed. The instant Motion to Compel Discovery and Motion for Sanctions followed.

**Discussion**

Discovery issues have been a reoccurring problem in this case. This particular conflict is especially troubling to the Court as SIPAB has changed its position on its response to Interrogatory 21 a number of times. Early on, SIPAB repeatedly represented that information responsive to Interrogatory 21 was privileged, but later, without explanation, admitted that non-privileged information existed. Then, after Dr. Brandt was deposed, Kennametal learned that the Second Supplemental Response remained incomplete as additional relevant information had not been disclosed. For the following reasons, the Motion to Compel will be granted.

First, SIPAB devotes a considerable amount of time defending its position by arguing that the discovery sought by Kennametal is irrelevant to Kennametal's defense of unclean hands because such a defense must be based on conduct that occurred during the prosecution of the patent in suit, not post-complaint conduct. The merits of Kennametal's inequitable conduct and unclean hands claims will be decided at a later time, after expert discovery has been completed. Therefore, the Court finds that any discussion of the merits of those claims is not warranted at this time.

Next, SIPAB takes the almost preposterous position that Mr. Sjostrand's work was not an "investigation," but rather a "document search" that would reflect whether the manufacturing process identified in Example 1 was conducted. No matter how Mr. Sjostrand's work is characterized, the Court finds that Mr. Sjostrand's investigation / document search was clearly

5

related to an investigation of the '625 patent and thus discoverable. According to Dr. Brandt, Mr. Sjostrand was given "full access" to Sandvik's documents and employees "for purposes of interviewing them" and was told to "use all possible means" to find Example 1. Furthermore, Dr. Brandt himself, who supervised Mr. Sjostrand, referred to it as an "investigation" and confirmed that Mr. Sjostrand gave "many" progress reports to him.

Finally, the Court finds that any and all documents which contain the precise dates of the Sjostrand investigation / document search and the billings submitted and compensation Mr. Sjostrand received and dates thereof are discoverable. The Court finds that these documents are particularly relevant to the issue of SIPAB's knowledge of whether Mr. Ljungberg performed or did not perform Example 1 and, therefore, are relevant to Kennametal's claim of unclean hands. The amount SIPAB paid Mr. Sjostrand for his work, no matter how it is characterized, is also relevant as it reflects the extent of SIPAB's efforts to know or attempt to learn this critical information.

As a result of SIPAB's delays and misrepresentations, the discovery period has now closed. The Court finds that the discovery period should be reopened for the limited purpose of allowing Kennametal the opportunity to propound an additional discovery interrogatory(ies) which seeks the substance of all post-complaint communications about the manufacturing process referenced in Example 1, as well as a privilege log regarding same. Kennametal is entitled to learn who knew this information and when they learned it, and the requested Interrogatory(ies) and privilege log will provide that information.

After deliberate consideration, and in light of the fact that SIPAB stonewalled Kennametal for nearly ten (10) months about its response to Interrogatory 21, which action not

only infuriated Kennametal but forced it to incur significant economic consequences, *i.e.,* attorney fees, the Motion for Sanctions will be granted.

    An appropriate Order follows.

                                      McVerry, J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SANDVIK INTELLECTUAL PROPERTY AB ) | |
| ) | |
| ) | 2: 10-cv-00654 |
| v. ) | |
| ) | |
| KENNAMETAL, INC. ) | |

### ORDER OF COURT

**AND NOW,** this 25th day of September, 2012, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** that Kennametal's Motion to Compel Discovery and Motion for Sanctions are **GRANTED** as follows:

Because the discovery which Kennametal seeks is directly relevant to its unclean hands allegations and because the Court has found that Sandvik Intellectual Property AB ("SIPAB") has engaged in misconduct which has impeded Kennametal's ability to obtain this discovery, SIPAB is hereby compelled to provide the following:

(a)  a complete, accurate and verified, supplemental answer to Interrogatory 21 on or before **Friday, October 5, 2012**, including information about communications involving Mr. Sjostrand and individuals he interviewed as part of his investigation / document search and also the first communication between Dr. Brandt and outside counsel about this issue;

(b)  within ten (10) days of service by Kennametal of an additional interrogatory(ies) regarding the substance of all communications about Example 1 after the filing of the Complaint but before Mr. Ljungberg's deposition on June 22, 2011, a complete, accurate, and verified answer(s) to same and a complete privilege log reflecting any responsive communications it contends are privileged;

(c)     **on or before Friday, October 5, 2012,** all documentation regarding the dates on which Mr. Sjostrand conducted his investigation / document search surrounding Example 1, the time he spent investigating, his billings, the amount and dates on which he was compensated for his investigation / document search, as requested in Kennametal's Request for Production of Documents 11, and

(d)     **on or before Tuesday, October 2, 2012,** a 30(b)(6) witness to testify on topic 5 in Defendant's Second Amended Notice of Second Rule 30(b)(6) Deposition because SIPAB's prior corporate representative, Dr. Brandt, was unable to answer questions related to this topic during the 30(b)(6) deposition on June 19, 2012, said deposition to be conducted on or before **Friday, October 12, 2012**.

Further, because of SIPAB's discovery misconduct, Kennametal's Motion for Sanctions is **GRANTED**.  Accordingly, on or before **Friday, November 2, 2012**, counsel for Kennametal, shall file a Petition for Reasonable Attorney's Fees, supported by Affidavit(s), which reflect the attorney fees incurred by Kennametal as a direct result of SIPAB's discovery misconduct.  Said affidavit(s) shall include documentation to support any fee request, including, but not limited to, the issue of prevailing market rates in Pittsburgh, the fair and reasonableness of the fees and costs being requested, the detail of the time expended, the usual billing rates of all attorneys and support staff for whom work is claimed, and detailed fee statements, which include the hourly rates for all attorneys and support staff.

SIPAB is entitled to a fair opportunity to review and consider the specifics of the fee application(s), as well as respond in a meaningful way. SIPAB shall file, if it so desires, any response in opposition to the request for attorney's fees on or before **Friday, November 16, 2012**.

                                            BY THE COURT:

                                            s/ Terrence F. McVerry
                                            United States District Court Judge

cc:    Jeffrey G. Killian, Esquire
        Morgan Lewis & Bockius
        Email: jkillian@morganlewis.com

        Ronald L. Grudziecki, Esquire
        Drinker Biddle & Reath
        Email: ron.grudziecki@dbr.com

        William P. Quinn , Jr., Esquire
        Morgan, Lewis & Bockius LLP
        Email: wquinn@morganlewis.com

        Carrie A. Beyer, Esquire
        Drinker Biddle & Reath LLP
        Email: carrie.beyer@dbr.com

        David W. Marston, Jr., Esquire
        Morgan, Lewis & Bockius LLP
        Email: dmarston@morganlewis.com

        Elaine P. Spector, Esquire
        Drinker, Biddle & Reath, LLP
        Email: elaine.spector@dbr.com

        Elisa P. McEnroe, Esquire
        Morgan, Lewis & Bockius LLP
        Email: emcenroe@morganlewis.com

Jeffrey J. Lopez, Esquire
Drinker Biddle & Reath LLP
Email: jeffrey.lopez@dbr.com

John D. Ferman, Esquire
Drinker Biddle & Reath, LLP
Email: john.ferman@dbr.com

John V. Gorman, Esquire
Morgan, Lewis & Bockius
Email: jgorman@morganlewis.com

Mark A. Grace, Esquire
Cohen & Grace, LLC
Email: mgrace@cohengrace.com

Squire J. Servance, Esquire
Morgan, Lewis & Bockius, LLP
Email: sservance@morganlewis.com

Daniel R. Taylor, Jr., Esquire
Kilpatrick Townsend & Stockton LLP
Email: DanTaylor@KilpatrickTownsend.com

Eric G. Soller, Esquire
Pietragallo, Bosick & Gordon
Email: egs@pbandg.com

Alan G. Towner, Esquire
Pietragallo, Bosick & Gordon
Email: agt@pbandg.com

James J. Link, Esquire
Kilpatrick Stockton
Email: jlink@kilpatrickstockton.com

Jason M. Wenker, Esquire
Kilpatrick Townsend & Stockton LLP
Email: jwenker@kilpatricktownsend.com

Steven D. Moore, Esquire
Kilpatrick Townsend & Stockton LLP
Email: smoore@kilpatricktownsend.com