**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

SANDVIK INTELLECTUAL PROPERTY AB  )
    )
    )        2:  10-cv-00654
    v.      )
    )
KENNAMETAL, INC.      )

### MEMORANDUM ORDER OF COURT

Presently before the Court for disposition is the MOTION  FOR RECONSIDERATION

OF SANCTIONS ORDER filed by Plaintiff, Sandvik Intellectual Property AB (Document No.

302) ("Sandvik"), the RESPONSE in opposition filed by Kennametal Inc. ("Kennametal")

(Document No. 312), and the REPLY IN SUPPORT OF MOTION FOR RECONSIDERATION

OF SANCTIONS ORDER filed by Sandvik (Document No. 314).  For the reasons that follow,

the Motion will be denied.

**Background**

This is the second challenge by Sandvik to the Memorandum Order of September 25,

2012, in which the Court granted Kennametal's Motion to Compel Discovery and Motion for

Sanctions.  *See* Memorandum Order, Document No. 283.  In its first challenge, Sandvik asked

the Court to reconsider only that portion of the Order which compelled Sandvik to provide "a

complete, accurate and verified, supplemental answer to Interrogatory 21. . . ."  Sandvik argued

that the Court "has ordered it to state and verify facts even though they are objectively

inaccurate."  On the same day the Motion for Partial Reconsideration was filed, Sandvik did in

fact provide Kennametal with a verified Third Supplemental Answer to Interrogatory 21 "which

added information regarding when certain attorneys at Sandvik's outside counsel, Drinker Biddle

& Reath LLP, obtained relevant knowledge before June 22, 2011."  Document 296 at 6, n.4.

**1**

Kennametal, in response to the Motion for Partial Reconsideration and its receipt of the Third Supplemental Answer to Interrogatory 21, informed the Court that "in light of the information Sandvik had now provided in the form of declarations and additional discovery compelled by the Court, Kennametal is satisfied with [Sandvik's] Third Supplemental Answer to Interrogatory 21 . . . . Thus, Kennametal believes the Motion is moot and should be denied." Document No. 299 at 7.  Accordingly, on October 17, 2012, the Court denied as moot the Motion for Partial Reconsideration filed by Sandvik.

On October 23, 2012, Sandvik filed the instant motion, in which it again challenges the September 25, 2012 Order, but this time only as to that portion of the Order which granted Kennametal's request for sanctions.  The matter has been fully briefed by the parties and is ripe for disposition.

**Discussion**

In its Motion, Sandvik incorrectly contends that all or a portion of the sanctions awarded in the Order was "predicated on factual findings that Kennametal now admits were incorrect." (Document No. 302 at 1).  The Court finds this contention to be without merit.   The incomplete and unverified Second Supplemental Response to Interrogatory 21 was only one of several deficiencies identified by the Court.

As the Memorandum Order sets forth in great detail, Sandvik was sanctioned because of its pattern of discovery misconduct, which included months of delays, misrepresentations, and stonewalling tactics that prevented Kennametal from obtaining timely discovery on multiple subjects.  The Court did not make a finding that Sandvik's answer(s) to Interrogatory 21 were "inaccurate" or "false."  Rather, the Court found that over a ten-month period, Sandvik changed its position on its response to Interrogatory 21 a number of times, without offering any

2

explanation for its varying responses.  After reviewing the record, the Court observed Sandvik's position as "best described as a 'moving target' and although it has twice supplemented its response to Interrogatory 21, the responses continue to be less than complete."  Memorandum Order at 2.  The Court then provided a chronology of the multiple attempts of Kennametal to obtain a complete response to Interrogatory 21, all of which were met with frustration by Sandvik's repeated attempts to evade providing a complete response.

For example, Interrogatory 21 was first served on Sandvik on July 1, 2011.  Sandvik requested two (2) fourteen-day extensions in which to respond, to which Kennametal consented on the express condition that Sandvik would not simply assert objections.  On August 29, 2011, Sandvik served its Response to Interrogatory 21 and, contrary to the parties' understanding, Sandvik provided nothing but objections.  Thereafter, Kennametal repeatedly informed Sandvik that it considered Sandvik's response deficient and although Sandvik twice supplemented its response, the responses continued to be less than complete.

Sandvik first supplemented its response to Interrogatory 21 on September 12, 2011, but provided a response limited only to pre-complaint information as opposed to information up to the deposition of Bjorn Ljungberg, as requested in the Interrogatory.  Kennametal  objected to the supplemental response, and on November 4, 2011, Sandvik asserted, for the first time, a blanket privilege for all post-complaint communication.

In response to this newly asserted blanket privilege claim, Kennametal responded that Sandvik still must nonetheless identify all non-privileged information about those communications, specifically the  "who, what, where and when" of such communications.  Sandvik responded that it would <u>not</u> provide any further information about any privileged

communications and also confirmed that there had not been post-complaint communications between Ljungberg and non-privileged persons about the subject matter.

From November 2011 through January 2012, the parties continued to discuss Sandvik's deficient response to Interrogatory 21.  Sandvik took the position that it did not need to further respond to Interrogatory 21 because an unclean hands claim could not be based on post-complaint conduct.

On January 25, 2012, Sandvik again informed Kennametal that although it had provided all non-privileged information, it would evaluate the issue one more time.  On March 1, 2012, Sandvik informed Kennametal that it would provide a second supplemental answer to Interrogatory 21.

On May 18, 2012, approximately one month before the close of discovery, Sandvik provided its Second Supplemental Response to Interrogatory 21 and for the first time disclosed non-privileged information about four post-complaint communications and significantly revealed that, contrary to its prior multiple representations, two of the four communications did not involve attorneys and did not appear to be privileged.   Despite Kennametal's repeated requests, Sandvik never explained its conflicting positions nor did it contend that these two communications were privileged.

Interestingly, in the instant motion, Sandvik now proclaims, rather self-servingly, that the information was provided "solely as a compromise of a dispute over the discoverability of such information and in order to avoid motion practice."  Mot. at 8.

Kennametal, relying on Dr. Brandt's deposition testimony given in June 2010, continued to argue that the Second Supplemental Response remained incomplete as additional relevant information had not been disclosed. This argument proved  to be true when Sandvik provided on

October 5, 2012, as ordered by the Court in its Memorandum Order of September 25, 2012, a verified Third Supplemental Response to Interrogatory 21 that was more complete than its prior response.  Kennametal informed the Court that it was satisfied with the Third Supplemental Response.

It cannot be ignored that it was Sandvik's own conduct which created the position Sandvik finds itself in.  For example, apparently Dr. Brandt incorrectly testified during his June deposition as to the dates on which certain relevant communications occurred. However, Sandvik refused to allow Kennametal to obtain further discovery on this issue and failed to take reasonable or timely steps to correct the alleged inaccuracies.  It was not until sometime in July that Sandvik's attorney first asserted via correspondence that the testimony of Dr. Brandt was incorrect.  Yet, Sandvik provided no errata, affidavit, or documentation to substantiate this assertion by its attorney.  Not until September 6, 2012, (three weeks after the completion of all the briefing related to Kennametal's Motion to Compel) did Kennametal receive an errata which substantively changed Dr. Brandt's 30(b)(6) testimony in nine (9) instances.   However, it was not until the filing of the instant Motion, on October 5, 2012, that Sandvik provided a declaration of Dr. Brandt.

The delay in providing the errata and declaration of Dr. Brandt is yet another example of Sandvik's continued pattern of discovery misconduct which the Court found to have forced Kennametal to incur significant economic consequences, i.e., attorney fees, and which warranted the granting Kennametal's request for sanctions.

The details expounded upon in the Court's Memorandum Order made it clear that the decision to sanction Sandvik was based on Sandvik's persistent history of discovery misconduct,

particularly its misrepresentations and stonewalling over a ten-month period, and was <u>not</u> predicated on any incorrect factual findings.

The Court finds and rules that Sandvik has presented no extraordinary circumstances or arguments which meet the high standard required to justify reconsideration.  Generally, a motion for reconsideration will only be granted if: (1) there has been an intervening change in controlling law; (2) new evidence, which was not previously available, has become available; or (3) necessary to correct a clear error of law or to prevent manifest injustice.  *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985), *cert. denied*, 47 U.S. 1171 (1986).   Sandvik has pointed to no intervening change in controlling law, new evidence, a clear error of law, or manifest injustice.

Sandvik continues to advance the same arguments that it made in response to the Motion for Sanctions. Said arguments were previously given due consideration, but not credited by this Court.   Motions for reconsideration are not designed to provide litigants with a second bite at the apple. *Bhatnagar v. Surrendra Overseas Ltd.*, 52 F.3d 1220, 1231 (3d Cir. 1995).

Fatal to the pending motion, nothing new has been supplemented to the record by the Motion for Reconsideration.

For all these reasons, the Court finds that the Motion for Reconsideration of Sanctions Order is without merit and is **DENIED**.

So **ORDERED** this  19th day of December, 2012.


BY THE COURT:

<u>s/ Terrence F. McVerry</u>
United States District Court Judge

**6**

cc:    Jeffrey G. Killian, Esquire
Morgan Lewis & Bockius
Email: jkillian@morganlewis.com

Ronald L. Grudziecki, Esquire
Drinker Biddle & Reath
Email: ron.grudziecki@dbr.com

William P. Quinn , Jr., Esquire
Morgan, Lewis & Bockius LLP
Email: wquinn@morganlewis.com

Carrie A. Beyer, Esquire
Drinker Biddle & Reath LLP
Email: carrie.beyer@dbr.com

David W. Marston, Jr., Esquire
Morgan, Lewis & Bockius LLP
Email: dmarston@morganlewis.com

Elaine P. Spector, Esquire
Drinker, Biddle & Reath, LLP
Email: elaine.spector@dbr.com

Elisa P. McEnroe, Esquire
Morgan, Lewis & Bockius LLP
Email: emcenroe@morganlewis.com

Jeffrey J. Lopez, Esquire
Drinker Biddle & Reath LLP
Email: jeffrey.lopez@dbr.com

John D. Ferman, Esquire
Drinker Biddle & Reath, LLP
Email: john.ferman@dbr.com

John V. Gorman, Esquire
Morgan, Lewis & Bockius
Email: jgorman@morganlewis.com

Mark A. Grace, Esquire
Cohen & Grace, LLC
Email: mgrace@cohengrace.com

Squire J. Servance, Esqiure
Morgan, Lewis & Bockius, LLP
Email: sservance@morganlewis.com

Daniel R. Taylor, Jr., Esquire
Kilpatrick Townsend & Stockton LLP
Email: DanTaylor@KilpatrickTownsend.com

Eric G. Soller, Esquire
Pietragallo, Bosick & Gordon
Email: egs@pbandg.com

Alan G. Towner, Esquire
Pietragallo, Bosick & Gordon
Email: agt@pbandg.com

James J. Link, Esquire
Kilpatrick Stockton
Email: jlink@kilpatrickstockton.com

Jason M. Wenker, Esquire
Kilpatrick Townsend & Stockton LLP
Email: jwenker@kilpatricktownsend.com

Steven D. Moore, Esquire
Kilpatrick Townsend & Stockton LLP
Email: smoore@kilpatricktownsend.com