IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SANDVIK INTELLECTUAL PROPERTY AB, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | 02: 10-cv-000654 |
| KENNAMETAL INC., | ) ) ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is the PETITION FOR REASONABLE ATTORNEYS' FEES filed by Kennametal, Inc. ("Kennametal"), with Declarations from attorneys Jason M. Wenker and Eric G. Soller (Document Nos. 316, 317, 318, and 322). Sandvik Intellectual Property AB ("Sandvik") filed its RESPONSE IN OPPOSITION TO KENNAMETAL'S PETITION FOR ATTORNEYS' FEES (Document No. 320), to which Kennametal filed a REPLY (Document No. 321).

The Fee Petition has been fully briefed and is ripe for disposition. Sandvik's request for oral argument is denied as the Court is able to decide the disputed issues without the need for such a hearing / argument. *See Blum v. Whitco Chemical Corp.*, 829 F.2d 367, 377 (3d Cir. 1987); *Lindy Bros. Builders, Inc. v. American Radiator & Standard Sanitary Corp.*, 540 F.2d 102, 116 (3d Cir. 1976) (holding that the inquiry into the proper fee should not "assume massive proportions . . . dwarfing the case in chief.")

Facts and Procedural History

This is a patent infringement case between the "two (2) largest competitors in the multi-billion dollar US metal-cutting tool industry." Petition at 6. To briefly recap, a discovery

dispute arose, which ultimately prompted the filing by Kennametal of a Motion to Compel and Motion for Sanctions.  By Memorandum Order of September 25, 2012, the Court granted both the motion to compel and the motion for sanctions.   The Court made a finding that Sandvik had engaged in discovery misconduct over a ten (10) month period which resulted in significant economic consequences to Kennametal, i.e., attorney fees.  Accordingly, the Court authorized Kennametal to file a Petition for Reasonable Attorney's Fees setting forth the calculation of counsel fees it had accrued "as a direct result of [Sandvik's] discovery misconduct."  *See* Memorandum Order, Document No. 283.    Kennametal has submitted a Fee Petition in which it seeks reimbursement for 264.20 hours which resulted in counsel fees of  $98,384.01 for time expended by its attorneys as a direct result of Sandvik's lengthy pattern of discovery delay, obfuscation, and misconduct.

       Sandvik argues that this amount is "unreasonable, does not comport with the law, and goes beyond the Court's September 25th Order." Response at 2.  As a result, Sandvik requests that the Court decline to award fees to Kennametal or, in the alternative, that the Court award the fees "on a much more limited basis than what Kennametal requests."  Response at 15.

       For the reasons set forth below and upon consideration of the affidavits and briefs of the parties, the Court has determined that it will grant the Petition for Attorneys Fees in part and deny it in part.  While the rate and hours submitted are generally high, but not totally unreasonable under the circumstances, the Court agrees with Sandvik that a downward adjustment should be made given the nature of the discovery dispute.

Discussion

As the Court expressly noted in its Memorandum Order of September 25, 2012, any reasonable attorney fees incurred by Kennametal as a direct result of Sandvik's discovery misconduct are recoverable. Fed. R. Civ .P. 26(g)(3), 37(a)(5), and 37(c)(1). Fee awards in the Third Circuit are determined according to the "lodestar" formula, which involves calculating the reasonable number of hours expended multiplied by a reasonable hourly rate in the relevant (Pittsburgh) legal community for comparable legal services. *See NFL Properties LLC v. Wohlfarth,* 2011 WL 1402770 (W.D. Pa. 2011). Once the lodestar amount has been calculated, a court has discretion to adjust the fees upward or downward, based on a variety of factors. *United Auto Workers Local 259 Social Sec. Dept. v. Metro Auto Center*, 501 F.3d 283, 292 (3d Cir. 2007) (discussing factors). The burden to establish reasonableness is on the party seeking fees. *Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990).

Counsel for Kennametal originally filed a Fee Petition in which they requested reimbursement for 248 hours of billable time on the discovery issue for a total of $92,825.53 in legal fees. Sandvik objected to the Fee Petition, and in response, Kennametal filed a Reply, in which they request an additional 16.20 hours expended for another $5,558.48 in legal fees incurred in responding to Sandvik's opposition to its Fee Petition. In sum, the total hours and amount of fees requested by counsel for Kennametal is 264.20 hours for a grand total of legal fees in the amount of $98,384.01.

Kennametal seeks counsel fees which were incurred in six (6) categories of legal tasks:  (i) meet and confer activities between August 2011 and July 2012; (ii) research and preparation of a Motion to Compel and Motion for Sanctions; (iii) research and preparation of

Kennametal's Response to Motion for Partial Reconsideration filed by Sandvik on October 5, 2012; (iv) research and preparation of Kennametal's Response to Motion for Sanctions Order filed by Sandvik on October 23, 2012; (v) preparation of the Fee Petition; and (vi) preparation of the Reply to Sandvik's objections to the Fee Petition.

Sandvik argues that (i) the billing rates applied by Kennametal in its Fee Petition are unreasonably high and (ii) the hours claimed in the Fee Petition are unreasonable.  Distilled to its essence, Sandvik's argument as to the unreasonableness of the rates requested is that the discovery disputes at issue were straightforward and did not require technical analysis or involved complex legal questions.  Therefore, Kennametal should neither be charging "premium fees" for a routine discovery dispute nor should the work be charged at partner rates, when the work should have been delegated to lower-rate timekeepers.  As to the hours included in the Fee Petition, Sandvik argues that Kennametal included activities that were not a direct result of the discovery dispute, were not necessary, or were excessive.  Each of the arguments will be addressed seriatim.

    1.    <u>Hourly Rates</u>

A reasonable hourly rate is to be calculated pursuant to the "prevailing market rate" in the "relevant community."  This circuit follows the "forum rate rule," in which the relevant community is generally the forum in which the suit was filed.  *Interfaith Community Organization v. Honeywell Int'l, Inc.*, 426 F.3d 694, 703-05 (3d Cir. 2005); *Public Interest Research Group of New Jersey, Inc. v. Windall*, 51 F.3d 1179, 1187 (3d Cir. 1995).  The relevant rate is to be calculated at the time of the fee petition, rather than the rate at the time the services were actually performed.  *Lanni v. New Jersey*, 259 F.3d 146, 149 (3d Cir. 2001).  The Court must base its decision on the record, rather than a generalized sense of what is customary or proper.  *Coleman v. Kaye*, 87 F.3d

1491, 1510 (3d Cir. 1996). The rate should take into account counsel's skill and experience, the nature and complexity of the matter at issue, and should be evaluated with reference to the rates charged by comparable practitioners in the community. *Rode*, 892 F.2d at 1183. A reasonable fee is sufficient to attract competent counsel, but does not produce a windfall for the attorneys. *Pub. Interest Research Group*, 51 F.3d at 1185. Routine tasks performed by senior partners at large firms should not be billed at their usual rates. *Ursic v. Bethlehem Mines*, 719 F.2d 670, 677 (3d Cir. 1983).

   A three-step, burden-shifting framework is followed. First, the party claiming fees must establish a prima facie case by producing sufficient evidence of a reasonable market rate for the essential character and complexity of the services rendered. *Lanni*, 259 F.3d at 149. The opposing party then bears the burden of producing record evidence to contest this rate. *Id.* Finally, if the reasonable market rate is in dispute, a hearing must be conducted. *Id.* However, in *Blum v. Witco*, 829 F.2d 367, 377 (3d Cir. 1987), our appellate court held that a hearing is only necessary if there were disputed questions of fact. The Court has determined that neither an evidentiary hearing nor oral argument is necessary or justified in this instance.

   To satisfy its initial burden, the party claiming fees must demonstrate that its requested rates are the prevailing rates in the community. *Smith v. Philadelphia Housing Authority*, 107 F.3d 223, 225 (3d Cir. 1997). "To inform and assist the court in the exercise of its discretion, the burden is on the fee applicant to produce satisfactory evidence- *in addition to the attorney's own affidavits* -that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." *Id.* at 225 n.2 (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)) (emphasis added in *Smith*). If a party fails

5

to meet its burden to demonstrate a prima facie case that the requested rates were the prevailing rates in the community, "the district court must exercise its discretion in fixing a reasonable hourly rate." *Washington v. Philadelphia Court of Common Pleas*, 89 F.3d 1031, 1036 (3d Cir. 1996).

Kennametal's fee petition seeks reimbursement for the work performed by the following members of Kilpatrick Townsend & Stockton LLP ("Kilpatrick Townsend") law firm: one senior partner, one mid-level partner, one senior associate / junior partner, two mid-level associates, two first year associates, and one paralegal, who each performed various legal services on behalf of Kennametal during this extended discovery dispute. The hourly rates charged to Kennametal for each of these timekeepers in 2011 and 2012 are as follows:

| TIMEKEEPER NAME | TITLE, YEARS OF EXPERIENCE | 2011 RATE | 2012 RATE |
|---|---|---|---|
| Daniel R. Taylor, Jr. | Sr. Partner, 33 years | $573.75 | $599.25 |
| Steven D. Moore | Partner, 16 yeas | $437.75 | $467.50 |
| Jason M. Wenker | Sr. Assoc / Jr. Partner, 11 years | $369.75 | $416.50 |
| N. Dean Powell, Jr. | Associate, 6 years | $318.75 | $335.75 |
| Robert S. Dailey | Associate, 5 years | $293.25 | $293.25 |
| Thurston H. Webb | Associate, 1 year | n/a | $242.25 |
| Amanda T. Johnson | Associate, 1 year | n/a | $242.25 |
| Lynn M. Charbonneau | Paralegal, 24 years | $212.50 | $221.00 |

Kennametal supports its requested hourly rates with comparisons to the hourly rates of attorneys from the law firms of Reed Smith LLP and K&L Gates, "[t]wo Pittsburgh-based law firms with reasonably comparable size, skill specialization, experience and reputation in complex commercial litigation and patent infringement litigation compared to Kilpatrick Townsend." Petition at 3. *See*

Declaration of Jason M. Wenker (Document No. 316) and Declaration of Eric G. Soller (Document No. 317). Based on the documentation submitted by Kennametal, it appears that the hourly rates for attorneys at Reed Smith range from $266 (associate, finance) - $700 (partners, civil litigation and intellectual property) and the hourly rates for paralegals at Reed Smith range from $261 - $295 (patent litigation). "Experienced intellectual property partners at K&L Gates charge at least $400 - $600 / hour in complex commercial litigation and patent infringement litigation." Declaration of Eric G. Soller, at ¶ 6 (Document No. 317).

Sandvik does not challenge the hourly rate of any particular timekeeper at Kilpatrick Townsend, but rather makes a broad objection that all of the rates are unreasonably high for the following reasons: (i) the discovery disputes were straightforward and did not require highly skilled and highly priced talent for a routine discovery dispute; (ii) the majority of the hours are charged at partner rates, when the work should have been delegated to lower-rate timekeepers; and (iii) the hourly rates are not in line with prevailing rates in Pittsburgh for handling discovery disputes of this nature. Each of these challenges will be addressed seriatim

As a preliminary matter, the Court notes that it disagrees with Sandvik's contention that the "underlying substance of this litigation is separate and distinct from the relevant discovery disputes." Response at 3. The relevance of the discovery sought was directly related to its connection to the substance of the patent litigation, specifically Kennametal's inequitable conduct and unclean hands claims. Therefore, it was not unreasonable for Kennametal to continue to rely on its team of experienced patent attorneys to resolve the discovery dispute, even if the discovery dispute could be described as "routine."

### a. Nature of Discovery Dispute

Sandvik argues that this was a simple, straightforward discovery dispute and that the requested rates are unduly high given the nature of the dispute. While this probably should have been and could have remained a simple garden-variety discovery dispute, the pattern of delays, misrepresentations and stonewalling tactics employed by Sandvik over a ten-month period resulted in this becoming a much more hotly contested and complicated dispute than it ever should have been. Furthermore, because the requested discovery was directly related to Kennamental's claims of inequitable conduct and unclean hands, it was necessary that the attorneys handling the patent litigation also handle the discovery aspects of this litigation. The Sandvik attorneys brought the exacerbation of this discovery issue upon itself.

Accordingly, the Court finds Sandvik's argument to be without merit.

### b. Delegation of Tasks

A court has the authority to disallow hours that are performed by individuals who could easily have delegated these tasks to less skilled (and less expensive) individuals. The United States Court of Appeals for the Third Circuit poetically commented on the issue as follows:

> Nor do we approve the wasteful use of highly skilled and highly priced talent for matters easily delegable to non-professionals or less experienced associates. Routine tasks, if performed by senior partners in large firms should not be billed at their usual rates. A Michelangelo should not charge Sistine Chapel rates for painting a farmer's barn.

*Ursic v. Bethlehem Mines*, 719 F.2d at 670, 677 (3d Cir. 1983). Sandvik argues that the majority of the hours sought are charged at partner rates, when the work should have been delegated to lower-rate timekeepers. The Court finds this argument also to be without merit.

The time sheets submitted by Kilpatrick Townsend reflect that three (3) partners worked on this matter - Daniel R. Taylor, Jr. (Sr. Partner); Steve D. Moore (Partner); and Jason Wenker (Sr. Associate / Jr. Partner). Combined, the total time spent by Attorneys Taylor and Moore is only 20.1 hours out of the 264.20 hours sought.  Although Attorney Wenker performed a substantial portion of the work at issue, he has been a partner for less than a year.  That Attorney Wenker did not delegate more of the work on this matter to others does not strike this Court as problematic. He was the primary litigation associate staffed on the case from the beginningt and was tasked with handling discovery matters.  Given his familiarity with the case, and his involvement in the discovery dispute from the outset, the Court finds that it was clearly more efficient, even after Mr. Wenker became a partner in 2012, for him to continue to perform much of this work, as the time spent delegating the tasks could well have exceeded the time spent by Attorney Wenker in actually performing the work himself.

Additionally, the Kilpatrick Townsend time sheets reflect that when appropriate, Mr. Wenker did in fact delegate portions of the work to "lower-rate timekeepers," including research and initial drafting of the discovery motions, review and analyzation of Sandvik's objections to the discovery motions, and research, review and preparation of Kennametal's Reply Brief, and e-filing documents with the Court. *See* Exhibit 2, time entries for Associate Amanda T. Johnson (ATM) on 07/17 - 19/2012; and 09/06/2012;  Associate Thurston H. Webb (THW) on 7/20-23/2012; 7/27/2012; 08/06-07/2012; Associate Robert S. Dailey on 7/23/2012; Associate N. Dean Powell, Jr. (NDP) on 08/09/2012; 08/14 - 15/2012; and Paralegal Lynn M. Charbonneau (LMC) on 07/25/2012; 09/06/2012;  09/10-11/2012.

Accordingly, the Court finds that it was efficient and effective for Attorney Wenker to continue to work on the discovery dispute, even after he became a junior partner, and that Kilpatrick Townsend appropriately delegated work when needed and necessary. Therefore, Sandvik's objection is denied in this regard.

c.   Prevailing Market Rate

As stated above, Kennametal submitted information regarding the prevailing rates of attorneys from the law firms of Reed Smith LLP and K&L Gates, two Pittsburgh-based law firms with reasonably comparable size, skill, specialization, experience and reputation in complex commercial and patent infringement litigation in comparison to Kilpatrick Townsend. These two local firms, like Kilpatrick Townsend, have a national and international presence and are listed among the largest and most successful 100 law firms in the United States in 2011 by *American Lawyer* magazine. Furthermore, all three firms have large commercial and intellectual property litigation practices. U.S. News & World Report has ranked Reed Smith, K&L Gates, and the Winston-Salem office of Kilpatrick Townsend as "tier 1" for intellectual property litigation. *See* U.S. News & World Report, Best Law Firms (2013), available at *http://bestlawfirms.usnews.com/search.aspx*. In June 2012, Chambers USA ranked Kilpatrick Townsend number one in intellectual property in North Carolina. *See* Chambers USA: America's Leading Lawyers for Business, available at *www.chambersandpartners.com*.

In its Fee Petition, Kennametal has requested hourly rates for attorneys ranging from $242.25 to $599.25. In response, Sandvik points out this Court has awarded reasonable rates at an amount much lower than those requested in this litigation. While this is certainly an accurate observation, this does not mean the Court intended for those fees as awarded to be the conclusive

prevailing market rate for all litigation. The undersigned has also justifiably awarded attorney's fees based upon higher rates in specialized litigation such as this. That said, it is acknowledged that this is a discovery dispute and not an award for an ultimate victory on the overall merits of the litigation.

While Kilpatrick Townsend has demonstrated that the hourly rates of commercial and patent litigation lawyers at Reed Smith and K&L Gates are largely reflective of the market rates of attorneys and paralegals with reasonably comparable experience, skill and reputation to the timekeepers of Kilpatrick Townsend in this case in the Pittsburgh market vis-a-vis attorney billing rates, it has not demonstrated that such billing rates have been awarded in the Pittsburgh market for routine litigation disputes (i.e. discovery) as compared to end of litigation counsel fee awards in trial victory. These types of counsel fee awards are different in character and nature and must be molded accordingly. To have prevailed in a discovery / sanction conflict is much different than to have prevailed in an overall litigation victory. Thus, a discovery victory must be molded in a sense of fairness and adequacy under the overall circumstances.

While the Court is fully cognizant of the vast experience and expertise of the Kilpatrick Townsend firm in the area of intellectual property, the Court cannot justify the rates advanced by Kilpatrick Townsend for this discovery dispute irrespective of its comparison to the published rates of Reed Smith and K&L Gates. Therefore, the Court will reduce the hourly rates sought by Kennametal across the board by twenty percent (20%), which the Court finds to be reasonable and fair and much more in line within the general billing rates of the Pittsburgh legal community for a discovery dispute.

### 2. Hours Expended

District courts are instructed to conduct a "thorough and searching analysis" of the fee application. *Interfaith Community*, 426 F.3d at 703 n.5. A prevailing party may only recover for time reasonably expended and the Court must exclude time that was excessive, redundant or unnecessary. *Id.* at 711. As the hourly rate demanded goes up, there should be a corresponding decrease in the amount of time required to accomplish necessary tasks, due to counsel's experience and expertise. *Ursic*, 719 F.2d at 677. Time that would not be billed to a client cannot be imposed on an adversary. *Windall*, 51 F.3d at 1188. The Court cannot reduce an award sua sponte. Rather, the opposing party must make specific objections. *Interfaith Community*, 426 F.3d at 711. Once the opposing party does so, the burden shifts back to the party seeking fees to justify the size of its request. *Id.*

In this case, Sandvik makes numerous objections to the amount of time claimed by Kennametal's attorneys. Sandvik's challenges include objections that (i) the claimed 36.1 hours spent on meet and confer activities is excessive and unreasonable; (ii) the claimed 130.2 hours spent on the motion to compel and motion for sanctions is based on inefficient work distribution and an unreasonableness of hours billed; (iii) the claimed 9.5 hours spent on the response to Sandvik's Motion for Partial Reconsideration should not be compensated because, *inter alia*, such time does "not fall within the scope of the Court's September 25th Order"; (iv) the claimed 12.20 hours spent on the response to Sandvik's Motion for Reconsideration of Sanctions Order should not be compensated because, *inter alia*, such time does not fall with the scope of the Court's September 25th Order; and (v) the claimed 60 hours spent on preparing the fee petition is "facially unreasonable

and emblematic of the inflation of fees sought throughout Kennametal's fee petition." *See* Response at 8 - 14.[1]

Initially, the Court is compelled to comment on Sandvik's argument that Kennametal should not recover for time spent in responding to Sandvik's motions for reconsideration because such responses were unnecessary and "outside the scope of the Court's September 25th Order." Sandvik seems to have lost sight of the fact that its challenges to the September 25th Order were based on its arguments that the Court had incorrectly found that Sandvik had engaged in a pattern of discovery misconduct. Once Sandvik challenged the Memorandum Order of September 25th, Kennametal had no choice but to file response(s) in opposition. Without hesitation, the Court finds that Kennametal's responses clearly were <u>not</u> outside the scope of the September 25th Order.

The Court has carefully scrutinized the time sheets submitted by Kennametal and finds that the requested hours were reasonably expended.

**Conclusion**

For all the foregoing reasons, Kennametal's request for $98,384.01 of counsel fees will be decreased by 20%, to a total amount of $78,707.21. The Court finds that in light of the skill and experience of the Kilpatrick Townsend attorneys, and the nature of the work involved, this amount is fair and reasonable.

An appropriate Order follows.

                         McVerry, J.

---

[1] At the time Sandvik filed its Response, Kennametal claimed sixty (60) hours in connection with the preparation of the Fee Petition. With its Reply, Kennametal requested an additional 16.20 hours for time spent in responding to Sandvik's opposition to its Fee Petition.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SANDVIK INTELLECTUAL PROPERTY AB, ) ) ) | |
| Plaintiff, ) ) | |
| v. ) | 02: 10-cv-000654 |
| ) | |
| KENNAMETAL INC., ) ) | |
| Defendant. ) | |

## ORDER OF COURT

**AND NOW**, this 11th day of January, 2013, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED AND DECREED** that the Petition for Reasonable Attorneys' Fees filed by Kennametal, Inc. is **GRANTED IN PART AND DENIED IN PART**. On or before **February 22, 2013**, or upon such other terms as the parties may agree, Plaintiff, Sandvik Intellectual Property AB shall reimburse Defendant, Kennametal, Inc., the grand total of counsel fees in the amount of **$78,707.21.**

Plaintiff's failure, neglect, or refusal to timely and fully comply with the terms, conditions, and requirements of this Order of Court may result in the imposition of additional sanctions including, but not limited to, a fine in an amount to be determined per day of non-compliance.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc:  Jeffrey G. Killian, Esquire
Morgan Lewis & Bockius
Email: jkillian@morganlewis.com

Ronald L. Grudziecki, Esquire
Drinker Biddle & Reath
Email: ron.grudziecki@dbr.com

William P. Quinn , Jr., Esquire
Morgan, Lewis & Bockius LLP
Email: wquinn@morganlewis.com

Carrie A. Beyer, Esquire
Drinker Biddle & Reath LLP
Email: carrie.beyer@dbr.com

David W. Marston, Jr., Esquire
Morgan, Lewis & Bockius LLP
Email: dmarston@morganlewis.com

Elaine P. Spector, Esquire
Drinker, Biddle & Reath, LLP
Email: elaine.spector@dbr.com

Elisa P. McEnroe, Esquire
Morgan, Lewis & Bockius LLP
Email: emcenroe@morganlewis.com

Jeffrey J. Lopez, Esquire
Drinker Biddle & Reath LLP
Email: jeffrey.lopez@dbr.com

John D. Ferman, Esquire
Drinker Biddle & Reath, LLP
Email: john.ferman@dbr.com

John V. Gorman, Esquire
Morgan, Lewis & Bockius
Email: jgorman@morganlewis.com

Mark A. Grace, Esquire
Cohen & Grace, LLC
Email: mgrace@cohengrace.com

Mark H. Sosnowsky, Esquire
Drinker Biddle & Reath LLP
Email: mark.sosnowsky@dbr.com

Squire J. Servance, Esquire
Morgan, Lewis & Bockius, LLP
Email: sservance@morganlewis.com

Daniel R. Taylor, Jr., Esquire
Kilpatrick Townsend & Stockton LLP
Email: DanTaylor@KilpatrickTownsend.com

Eric G. Soller, Esquire
Pietragallo, Bosick & Gordon
Email: egs@pbandg.com

Alan G. Towner, Esquire
Pietragallo, Bosick & Gordon
Email: agt@pbandg.com

James J. Link, Esquire
Kilpatrick Stockton
Email: jlink@kilpatrickstockton.com

Jason M. Wenker, Esquire
Kilpatrick Townsend & Stockton LLP
Email: jwenker@kilpatricktownsend.com

Steven D. Moore, Esquire
Kilpatrick Townsend & Stockton LLP
Email: smoore@kilpatricktownsend.com